COMMONWEALTH
*vs.*
HATTON.

No appeal lies to this court from a judgment in a criminal case, rendered previously to the first day of July, 1854.

---

## Commonwealth *vs.* Hatton.

### APPEAL FROM POWELL CIRCUIT.

INDICTMENT.

Case 3.

An indictment against one for giving, selling, or loaning spirituous liquors to a slave must aver that the defendant had not for the time being the rightful care and *custody* of such slave. (11 *B. Mon.* 1.)

The facts of the case are stated in the opinion of the court.—*Rep.*

*J. Harlan, Attorney General*, for the commonwealth—No written brief on file.

COMMONWEALTH
*vs.*
HATTON.

June 5.

An indictment against one for giving, selling, or loaning spirituous liquors to a slave must aver that the

Judge STITES delivered the opinion of the court—

The offense in this case is alleged to have been committed in December, 1852, and must be controlled by the Revised Statutes, and not by the act of 1849–50.

The Revised Statutes declare, that "if any person shall sell, give, or loan spirituous liquor of any description to the slave of another, unless for the time being he shall have the *rightful custody and care* of such slave, he shall be fined fifty dollars for each offense." (*Rev. Stat.* 632.)

The indictment charges "that the defendant did loan, give, and sell spirituous liquors to a slave named John, not his own but the property of H. B. Daniel; he, the said Hatton, not being then and there entitled for the time being to the services of said slave, by contract with the master or owner of the same, and not having permission or authority to loan, give, or sell such spirituous liquor to said slave by order in writing or otherwise from the owner or person entitled to the services of said slave, contrary, &c.," but fails to charge that the defendant did not have the "*rightful custody and care*" of the slave. It seems to have been drawn with accuracy to meet the statute of 1849–'50. *Session Acts*, 1849, '50, '51, but not the Revised Statutes.

Cases frequently occur where one may have the rightful custody and care of a slave and not be entitled by contract or otherwise to the services of such slave.

Sheriffs, jailers, and other officers are often the rightful custodians of slaves belonging to others, and not entitled to their services. It would not, we suppose, be contended that under the section of the Revised Statutes referred to, such officer would subject himself to the penalty of the law, if, whilst custodian of another's slave, he deemed it proper to give to him spirituous liquors in moderation.

The failure to allege that Hatton did not have "the rightful custody and care" of the slave, brings the case, in our opinion, within the rule settled in *Commonwealth vs. Kenner*, 11 *B. Monroe*, 1, and is fatal to the indictment.

Wherefore, the judgment of the Circuit Court is affirmed.

defendant had not for the time being the rightful care and *custody* of such slave. (11 *B. Monroe*, 1.)